UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGINA FORAN,

        Plaintiff,

v.

        Case No. 21-cv-0418-bhl

KILOLO KIJAKAZI,[1] Acting Commissioner
of Social Security Administration,

        Defendant,

## DECISION AND ORDER

    Plaintiff Georgina Foran seeks review of an administrative law judge decision denying her claim for Supplemental Security Income (SSI) under the Social Security Act. For the reasons set forth below, the decision must be reversed and the case remanded.

### PROCEDURAL BACKGROUND

    Foran applied for SSI on March 5, 2017. (ECF No. 15 at 1.) Her claim was denied initially and on reconsideration, so she sought a hearing before an administrative law judge (ALJ). (*Id.*) That hearing occurred on August 4, 2020. (*Id.*) In a decision dated September 30, 2020, the ALJ found Foran "not disabled." (*Id.*) The Appeal Council denied her request for review, and this action followed. (*Id.*)

### FACTUAL BACKGROUND

    In March 2016, during her senior year of high school, Foran's then-treating psychiatrist, Dr. Filoreta Udrea, completed a "Certification of ADHD/Psychological Disability" form to allow Foran to receive certain accommodations from the University of Wisconsin-Milwaukee, which she planned to attend in the fall. (ECF No. 14-9 at 69-70.) The form indicated that Foran suffered from major depression. (*Id.* at 69.) Unfortunately, her transition to college did not go smoothly.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for former Commissioner Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

Treatment notes reflect periods of high anxiety, agoraphobia, and panic attacks. (ECF No. 15 at 2-3.) Foran eventually withdrew, mired in a depressive slump. (*Id.* at 3.) Though her symptoms continued, she managed to reenroll at UW-Milwaukee and hold down a part-time job at a convenience store in her dorm room's lobby. (ECF No. 14-3 at 18, 22.) At the time of her hearing before the ALJ, she was 22 and about to begin her senior year. (*Id.* at 21.)

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citations omitted). That said, an ALJ is not permitted to simply ignore contradictory evidence. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

Foran argues that the ALJ: (1) offered an improperly perfunctory step three analysis; (2) gave significant weight to State Agency doctors but did not include all of their opined limitations in his RFC assessment; (3) cherry-picked the record to justify assigning little weight to Foran's treating medical providers; (4) did not account for variable functioning in his RFC analysis; and (5) improperly concluded that Foran's statements were not entirely consistent with the record. These arguments all essentially turn on whether the ALJ failed to reconcile his finding of "good

functioning" with contrary evidence. Because the ALJ omitted relevant contradictory evidence without any explanation, the matter must be remanded.

I. **The ALJ Failed to Reconcile Conflicting Evidence in the Record.**

"[A]n ALJ's job is to weigh conflicting evidence." *Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015). But he may not place a finger on the scale by, for instance, omitting evidence that runs counter to his conclusion. *See Moore*, 743 F.3d at 1123. In this case, Foran argues that the ALJ consistently refused to consider evidence of depressive slumps, which artificially enhanced the logical fortitude of his disability determination. (ECF No. 15 at 2-6.) Defendant, meanwhile, maintains that the ALJ appropriately discussed both the favorable and unfavorable portions of the record and frames this appeal as a sore loser's request to reweigh the evidence.

The question here is not whether the ALJ conspicuously ignored *all* of the record's red flags—he undoubtedly did not—but rather, whether he skipped over some evidence that might have undermined his conclusion. As Defendant points out, the ALJ recognized the mixed record before him. His decision includes a paragraph summarizing negative mental status exam findings from March, May, September, October, November, and December 2017; April and December 2018; February, May, June, July, August, and October 2019; and February, March, and April 2020. (ECF No. 14-3 at 23.) There is also a parallel paragraph highlighting instances of "good function" derived from exams performed in March, April, May, September, and November 2017; April, August, and December 2018; February, May, June, July, August, and October 2019; and February, March, and April 2020. (*Id.* at 24.) Defendant would have the Court affirm on the sheer breadth of this analysis. But two problems arise. First, it is immediately apparent that several months are missing, and not for want of medical records. Second, even in the months he accounted for, the ALJ focused on check-box assessments to the exclusion of treatment notes.

Foran identifies evidence supporting her claim in reports rendered during seven months the ALJ never referenced: June, July, September, and November 2018; and March, September, and November 2019. (ECF No. 15 at 4-6.) Treatment notes indicate that during these months, Foran experienced suicidal ideation, trouble transitioning into a new routine, worsening depression, inability to leave her bed, crying fits, and memory and concentration issues. (ECF No. 14-8 at 246, 281, 317, 319, 327, 339, 393, 397, 403.) The ALJ's decision incorporates none of these. This is particularly problematic where, in the case of suicidal ideation, for example, the symptom's *absence* is frequently cited in support of the ALJ's conclusion. (ECF No. 14-3 at 24 (noting, no

fewer than three times, the absence of suicidal ideation as justification for discounting the intensity of Foran's self-reported symptoms).) Seventh Circuit decisions have routinely recognized the capricious nature of mental illness and forbidden ALJs from judging a mentally ill claimant only by her best days. *See Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008); *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). To do so is akin to claiming that a baseball player would be batting 1.000 if we only ignore those pesky outs he made. The ALJ's job is not to create such tortured counterfactuals; he is supposed to weigh evidence—good and bad alike. *See Yurt v. Colvin*, 758, F.3d 850, 860 (7th Cir. 2014). The ALJ here did not do so.

Moreover, even in the months he did consider, the ALJ appears to have left important information on the cutting room floor. For example, the ALJ acknowledges that in February 2020, Foran presented as depressed, with anxious mood and affect, intermittent eye contact, and impaired attention, but he goes on to dub her mental status exam "otherwise normal." (ECF No. 14-3 at 23-24.) On the contrary, treatment notes indicate Foran was also irritable, tearful, and experiencing suicidal ideation as well as thoughts of self-harm. (ECF No. 14-8 at 403.) By focusing on what amount to check-box observations, the ALJ overlooked rather serious symptoms that required more explanation than a simple pen mark. That makes this case look much like *Scott*, where the Seventh Circuit held that the "ALJ was not permitted to 'cherry-pick' from . . . mixed results to support a denial of benefits." *Scott*, 647 F.3d at 740; *see also Punzio*, 630 F.3d at 710 (holding that an ALJ could not "cherry-pick" the record to reach his desired outcome).

## II. The ALJ's Errors Were Not Harmless.

A court should "not remand a case to the ALJ for further specification where [it is clear] that the ALJ will reach the same result." *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Here, the ALJ's errors impacted at least: (1) his step three analysis; (2) the weight afforded to Foran's treating physicians; and (3) the RFC determination. The case must, therefore, be remanded for further consideration.

At step three, an ALJ must determine whether a claimant's impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If they do, the claimant is found presumptively disabled. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing."

*Id.* In this case, as relevant here, the ALJ considered whether Foran's impairments met or medically equaled the "paragraph C" criteria of Listings 12.04 and 12.06. (ECF No. 14-3 at 20.) He determined that they did not because the record did "not show that she is capable of only marginal adjustment, i.e., that she has a minimal capacity to adapt to changes in her environment to demands that are not already part of her daily life." (*Id.*) But because the ALJ failed to consider evidence that might have proven otherwise, the Court cannot express confidence in his step three determination.

Similarly, the ALJ afforded the opinions of Foran's treating physicians little weight because he found them inconsistent with the medical evidence of record and unsupported by their own clinical analysis. (*Id.* at 27.) Again, though, the ALJ ignored important medical evidence of record that Foran's treating physicians relied on. Even if he ultimately finds the evidence unpersuasive, an ALJ "must confront the evidence that does not support [his] conclusion and explain why that evidence was rejected." *Moore*, 743 F.3d at 1123.

The ALJ's errors also undermine the validity of his RFC assessment. As previously stated, he improperly discounted the opinions of Foran's treating physicians without confronting the evidence that supported those opinions. He did the same with respect to Foran's self-reported symptoms. (ECF No. 14-3 at 24.) Had he considered all of the evidence, he may have assigned greater weight to these sources, which could have altered the RFC determination.

To be clear, none of this means, as Defendant suggests, that the ALJ needs to fill his decision with redundancies, nor does it require him to meticulously recount every scintilla of evidence in the entire record. A proper analysis of the objective medical evidence *anywhere* in the decision will suffice. *See Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (holding that an ALJ is not required to repeat his discussion of impairments, the objective medical evidence, and credibility at both steps three and five); *Moore*, 743 F.3d at 1123 ("[A]lthough an ALJ does not need to discuss every piece of evidence in the record, the ALJ may not analyze only the evidence supporting [his] ultimate conclusion while ignoring the evidence that undermines it."). The problem here is that the ALJ omitted significant, contradictory evidence without explanation. Where the evidence would permit the ALJ to go one of two ways, he must build "a logical bridge" to his chosen destination, and that requires analysis of both the supporting and conflicting evidence. *See Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for judgment reversing the final decision of the Commissioner of Social Security, ECF No. 1, is **GRANTED**. Pursuant to sentence four of 42 U.S.C. §405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

Dated at Milwaukee, Wisconsin on September 22, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge